UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tron Manvel Littlejohn, #250174, | ) | C/A No. 4:08-0383-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Jon Ozmint; | ) | |
| James Sligh; | ) | |
| Robert Ward; | ) | |
| E. Richard Bazzle; | ) | |
| Stephen R. Claytor; | ) | |
| Florence Mauney; | ) | |
| Rhonda Abston; | ) | |
| R. Bush; | ) | |
| R. L. Turner; | ) | |
| M. Najir; | ) | |
| Mrs. Heffner; | ) | |
| Daniel Martin; | ) | |
| Wade T. Byrd; | ) | |
| Charles Williams, Jr.,; | ) | |
| Mrs. Scotland; | ) | |
| W. Miller; | ) | |
| Cecilia R. Reynolds; | ) | |
| Jeanne McKay; | ) | |
| Darrell Beckwith; and | ) | |
| J. Washington, | ) | |
| | ) | |
| Defendants. | ) | |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on February 6, 2008.[1] Defendants filed a Motion for Summary Judgment along with a memorandum and affidavits in support on August 11, 2008. (Document #46). The undersigned issued an order filed August 12, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff has failed to file a response.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the Court's Order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 22, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**